UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terrance D. Williams,

    Plaintiff,

v.                                      Case No. 19-12240

3DExport, *et. al.*,               Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

**OPINION AND ORDER GRANTING MOTIONS TO DISMISS; DENYING MOTION FOR MORE DEFINITE STATEMENT; GRANTING MOTIONS TO QUASH; DENYING MOTION FOR CONTEMPT; AND DISMISSING THIS CASE IN ITS ENTIRETY**

        Plaintiff Terrance Williams contends that he invented anime, one of the world's most popular styles of animation. Acting *pro se*, he has sued several media companies, alleging that they have violated his copyrights by publishing artwork and other graphics that infringe on his animation style. Most defendants have filed motions to dismiss. Various other motions have also been filed. For the reasons below, the Court will (1) grant the motions to dismiss, (2) deny Plaintiff's motion for a more definite statement, (3) deny Plaintiff's motion for contempt, (4) grant the pending motions to quash, and (5) summarily dismiss this case in its entirety.

**BACKGROUND**

        Williams appears to allege that, in "the mid-1980's," he completed a master dissertation that he titled "Project Stargate." (ECF No. 1, PageID 5). This dissertation included a book called "Naruto." *Id*. In this book, Williams alleges that he introduced an art style that he refers to as his "Renderman style," which he describes as a style of animation that includes characters with "round

1

features," "big eyes," and a "particular nature of . . . hair." (ECF No. 1, PageID 7). Williams cites the cartoon characters Bart Simpson (from The Simpsons) and Goku (from Dragon Ball Z) as examples of a "variation" of some aspects of his Renderman style. *Id*. Williams alleges that, at some point, "the Japanese illegally took possession of this individual style of mine," and "started to call it anime in order to help their readers escape of having [sic] to remember the foreign origin of this art style as well as its original creator." *Id*.[1]

On January 29, 2019, Williams received a registration from the United States Copyright Office for the text "Naruto." (ECF No. 1, PageID 23). In his complaint, he states that he "put [his] Renderman style book Naruto back under copyrights in my name in order to defend my character from further illicit usage." (ECF No. 1, PageID 5). Williams alleges that, in April 2019, he found his Renderman style being used in "3D representations & porn comics" on the internet. *Id*. Williams contends that some of these animations were particularly disturbing because they were "pedophilic in nature." (ECF No. 1, PageID 6).

On July 30, 2019, Williams filed this lawsuit against thirteen defendants: (1) 3DExport; (2) Alidropship.com; (3) J C Penny; (4) MindGeek Los Angeles; (5) Original Frame; (6) Patreon, Inc. (7) Pinterest, Inc.; (8) Shopify (USA) Inc.; (9) Sketchfab Inc.; (10) Tumblr Inc.; (11) TurboSquid; (12) Wikihow, Inc.; (13) Wix.com Inc.[2]

---

[1] To provide some context, anime is a very popular style of drawing cartoons. In fact, the Japanese External Trade Organization reports that 60% of all television cartoons worldwide are anime. *See* SUSAN J. NAPIER, ANIME FROM AKIRA TO HOWL'S MOVING CASTLE: EXPERIENCING CONTEMPORARY JAPANESE ANIMATION x (St. Martin's Press, 2005). Popular examples include Pokemon and Yu-Gi-Oh. *Id*.

[2] Although some defendants object to how Plaintiff labeled them, the Defendants are listed as identified in the Complaint.

On August 29, 2019, Wix.com filed a motion to dismiss. (ECF No. 8). On September 19, 2019, Williams filed a motion for a more definite statement, which was directed at Wix.com's motion to dismiss. (ECF No. 28).

Wix.com's motion began a cascade of similar motions to dismiss by other defendants. October 3, 2019 saw the filing of motions to dismiss by MindGeek Los Angeles, (ECF No. 35), Patreon, (ECF No. 36), and Shopify. (ECF No. 37). The next day, TurboSquid got in on the action. (ECF No. 39). Within the next two weeks, Wikihow and JC Penney filed their own motions. (ECF Nos. 42 and 44). Finally, Pinterest and Tumblr filed motions on December 2, 2019 and December 19, 2019, respectively. (ECF No. 56 and 67). Williams filed a response to the arguments raised in these motions. (ECF No. 54). Notably, 3DExport, Alidropship.com, Original Frame, and Sketchfab have not filed an attorney appearance or any motion in this case. It is unclear whether these parties (or any party) has been properly served.

Despite the early stage of this litigation, Williams appears to have attempted to begin discovery. On January 13, 2020, the Hon. Rick Snyder— the former Governor of Michigan—filed a motion to quash a subpoena that Williams issued to him. (ECF No. 71). The Court stayed that subpoena and ordered Williams to respond. (ECF No. 73). On January 15, 2020, Jason Carr filed a motion to quashed a subpoena that Williams issued to him. (ECF No. 74). The Court again stayed the subpoena and ordered a response. (ECF No. 75). On January 22, 2020, Williams filed a motion to hold Snyder in contempt. (ECF No. 76). This motion also appears to be Williams's response to Snyder's motion to quash.

**ANALYSIS**

**A.      Motion for More Definite State**

On September 18, 2019, Williams filed a "motion for a more definite statement." (ECF No. 28). Fed. R. Civ. P. 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Based on a review of Williams's filing, it appears to be directed at Wix.com's motion to dismiss, which is not a pleading. *See* Fed. R. Civ. P. 7(a). Accordingly, Wix.com's filing is not a proper target for a motion for a more definite statement, and the Court will deny it to that extent.

However, to the extent that Williams intended this document to respond to the arguments raised in Wix.com's motion (which it appears he did), the Court will consider it for that purpose.

**B.      Motions to Dismiss**

Unsurprisingly, the nine pending motions to dismiss argue that there are many grounds to dismiss this case. Some defendants argue that Williams has sued the wrong party, and that this suit should have instead been brought against one of their subsidiaries or affiliates. Others argue that they are immune from liability under the Digital Millenium Copyright Act's safe-harbor provision, 17 U.S.C. § 512(c), or that Williams has failed to effectuate proper service. And one defendant argues that the Court lacks personal jurisdiction over it.

However, all the pending motions to dismiss raise two common arguments for dismissal: (1) Williams has failed to adequately plead ownership of his alleged copyrights, and (2) Williams has failed to identify any infringing work. Because the disposition of these arguments would dispose of all pending motions to dismiss, the Court will decide these motions on these grounds.

### I.  General Principles for Motions to Dismiss

A motion to dismiss tests the legal sufficiency of the plaintiff's complaint. To survive, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Although the court must accept all well-pleaded factual allegations as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, to avoid dismissal, "a complaint must contain sufficient factual matter," accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678.

In addition to the allegations in the complaint, the Court may also consider "other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Ashland, Inc. v. Oppenheimer & Co., Inc*., 648 F.3d 461, 467 (6th Cir. 2011)

Although a *pro se* litigant's complaint is be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). *Pro se* complaints "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200 at *3 (E.D. Mich. 2011).

### II.  Specific Principles for Copyright Infringement Claims

"Copyright infringement...lends itself readily to abusive litigation, since the high cost of

trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case. Therefore, greater particularity in pleading, through showing 'plausible grounds' is required." *Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting Inc.*, 299 Fed.App'x 509, 512 (6th Cir. 2008). Showing plausible grounds means pleading "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [copyright infringement]." *Id*. (internal citation omitted).

To establish copyright infringement, two elements must be proven: "(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original." *Feist Publications Inc., v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Here, Williams has not adequately pleaded either element.

      **a.**      **Ownership**

Williams attached a Certificate of Registration from the United States Copyright Office. (ECF No. 1, PageID 21). This Certificate indicates that, on January 29, 2019, Williams received a copyright in the text "Naruto." *Id*. However, in this action, Williams is not alleging that the Defendants have infringed on a text. Rather, he is alleging that they have infringed on an art style. Although the Certificate indicates that Williams owns some copyright in some thing, it does not indicate that Williams owns a copyright in the anime art style. And Williams has failed to attach the work that the Certificate covers, so it is impossible to determine what Williams actually owns or how it has been infringed.

Moreover, it is entirely implausible that Williams owns a copyright in the anime art style for two reasons. First, his factual allegations defy logic. To believe Williams would be to believe that

he invented an animation style that was first introduced at least as early as 1917,[3] and that was wildly popular worldwide by the time that he alleges that he—as a 10-year-old—first created it.[4] Second, because copyright protection is "given only to the expression of [an] idea—not the idea itself," *Mazer v. Stein*, 347 U.S. 201, 217 (1954), even if Williams was the first to think up the anime, he could only have a protectible copyright interest in his specific expression of that idea; he could not lay claim to all anime that ever was or will be produced. He has failed to point to any specific creative expression that would merit copyright protection.[5]

For theses reasons the Court concludes that Williams has failed to plead plausible and adequate grounds to conclude that he owns the alleged copyright.

    **b.**    **Infringing Work**

In order to adequately allege the second element of a copyright infringement claim (i.e. copying), a plaintiff must describe "the manner in which Defendants' work infringed upon Plaintiff's [copyright]." *Dorchen/Martin Assocs. Inc. v. Brook of Cheboygan, Inc*., 838 F.Supp.2d 607, 612 (E.D. Mich. 2012). Plaintiffs must make these allegations so as to "adequately give Defendants notice of the claim against them." *Id*.

---

[3] *See* Linda Sieg, *Japan finds films by early "anime" pioneers*, REUTERS (March 27, 2008) https://www.reuters.com/article/us-japan-anime-pioneers/japan-finds-films-by-early-anime-pioneers-idUST23069120080327 (last accessed January 14, 2020).

[4] *See generally* HISTORY OF ANIME, WIKIPEDIA, https://en.wikipedia.org/wiki/History_of_anime (last accessed on January 14, 2020).

[5] Williams may also be alleging that he created *Naruto*, a popular amine comic book series (or "manga"), and its title character. Famously, Naruto was created by Masashi Kishimoto in 1997. *See, e.g.*, Charles Solomon, *The Man Behind 'Naruto,'* LOS ANGELES TIMES (Dec. 17, 2008) https://www.latimes.com/entertainment/arts/la-etw-naruto17-2008dec17-story.html (last accessed January 14, 2020). The Certificate states that Williams completed and published his "Naruto" work in 2018. Any allegation that Williams has a copyright claim in the *Naruto* manga series is implausible and frivolous on its face.

Here, Williams fails to describe how each individual defendant has infringed on his alleged copyright. He includes internet links to some websites that are associated with some defendants, but does not explain how the images on these websites are infringing. A review of the complaint makes it clear that Williams has failed to give Defendants adequate notice of his claims against them. Accordingly, the Court concludes that Williams has not adequately alleged this element of his copyright claim.

## CONCLUSION AND ORDER

For the reasons above, the Court **DENIES** Williams's motion for a more definite statement (ECF No. 28) and **GRANTS** the motions to dismiss. (ECF Nos. 8, 35, 36, 37, 39, 42, 44, 56, 67). Simply put, Williams's complaint does not raise a reasonable expectation that discovery will reveal evidence of copyright infringement by these defendants. *See Nat'l Bus. Dev. Servs., Inc.,* 299 Fed.App'x at 512.

Moreover, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of CivilProcedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)). The Court concludes that, based on its review of the complaint and for the reasons articulated in Section B.II of this Opinion, this case is appropriate for summary dismissal. Williams's claims are implausible and frivolous on their face. Accordingly, the Court **ORDERS** that this case is **DISMISSED** in its entirety.

Because the Court has dismissed Plaintiffs' complaint in its entirety, the pending motions

to quash (ECF Nos. 71 and 74) are **GRANTED**. All subpoenas that have been issued in connection with this case are **VOID** and **UNENFORCEABLE**.

Finally, the Court **DENIES** Williams's motion to hold Snyder in contempt. (ECF No. 76). Based on its knowledge of the case, the Court is confident that contempt is not appropriate.

This case is closed.

**IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated: February 3, 2020